UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**15 CV 00079**

---------------------------------------------------------------x

SLOANE ANGELL,

                            Plaintiff,

    - against -

BILLABOUT, LLC; B_SPACE STUDIO, LLC;
PETER MAIDEN,

                            Defendants.

---------------------------------------------------------------x

Case No.:

**COMPLAINT**

JUDGE NATHAN

[RECEIVED JAN 07 2015 U.S.D.C. S.D.N.Y.]

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendants Peter Maiden, Billabout, LLC and B_Space Studio, LLC, the companies and individual officers, principals or agents that own, operate and manage a retail store called B_Space located at 219 Mulberry Street, New York, New York 10012.

2. Plaintiff worked for B_Space continuously between 2012 and 2013. Throughout the course of his employment, Plaintiff regularly worked as many as seven days a week, and as many as seventy or more hours each week without receiving overtime or spread of hours pay as required by law.

3. Defendants did not inform Plaintiff of his right to overtime pay, or "spread of hours" compensation.

4. As stated herein, Plaintiff states claims for Defendants' failure to pay overtime and failure to pay spread of hours compensation in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law.

5. Plaintiff also entered into a loan agreement with B_Space Studio, LLC in which he loaned the company $25,000.00 with an interest rate of 10% to be paid back quarterly within 2 years.

6. Despite repeated demands by Plaintiff, Defendants have refused to pay back the entirety of the loan.

7. In addition, this is a direct and derivative action brought by Plaintiff, a minority shareholder, of a closely-held limited liability company, B_Space Studio, LLC (the "LLC") to recover losses caused by the self-dealing, breach of fiduciary duty, fraud, looting, and excessive compensation of the Defendant Peter Maiden, the LLC's managing member.

8. As set forth below, Maiden operated the LLC for his own personal benefit, paying himself an excessive and unauthorized salary, usurping corporate opportunities, wasting corporate assets, passing through frivolous and unauthorized overhead expenses for his hospitality company, unauthorized distributions to shareholders, blatant deception, fraudulent accounting, and commingling funds.

9. Maiden also obstructed Plaintiff's efforts to obtain information about the financial condition of the LLC by failing to make corporate records available when requests were made.

10. Maiden also concealed his efforts to divert corporate opportunities to his other business ventures, specifically another restaurant that he opened in the West Village. Maiden solicited the LLC's current investors to invest in this new venture thereby creating a very serious conflict of interests.

11. Maiden should be forced to repay the LLC for his egregious breaches of his fiduciary duties, self-dealing, and deceit. Accordingly, Plaintiff brings this action on behalf of himself and the LLC and against Maiden for breach of fiduciary duty, fraud, unjust enrichment, money had and received, waste, conversion, an accounting, and a constructive trust.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FSLA"), 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1337.

13. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S. § 1367(a).

14. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), in that a substantial part of the unlawful events, acts and omissions complained of occurred in this District.

## PARTIES

### PLAINTIFF

15. Plaintiff Sloane Angell is an adult individual residing in the Los Angeles County, California. Angell worked as an employee for Defendants at their retail store B_Space, 219 Mulberry Street, New York, New York 10012.

16. Plaintiff was in charge of the day-to-day operations at B_Space from 2012 to 2013.

17. All employees at B_Space, including Plaintiff, were engaged in an industry affecting interstate commerce.

18. At all times relevant to this action, Plaintiff was Defendants' employee within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(e); N.Y. Lab. Law § 651(5).

### DEFENDANTS

Corporate Defendants

19. Billabout, LLC ("Billabout") is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business located at 219 Mulberry Street, New York, New York 10012.

20. At all times relevant to this action, Billabout is the 100 percent shareholder of Defendant B_Space Studio, LLC ("B_Space LLC") which owns and operates a retail store in

3

New York City doing business under the trade name of "B_Space." The Managing Member of Billabout and B_Space is Defendant Peter Maiden.

21. Upon information and belief, Defendant B_Space is or was at all relevant times a business or an enterprise engaged in interstate commerce with gross sales exceeding $500,000 per year.

22. Defendant B_Space was Plaintiff's employer as that term is defined by the FLSA and New York Labor Law. 29 U.S.C. § 203(d); N.Y. Lab. Law § 651(6).

### Individual Defendant

23. Defendant Peter Maiden is or was at all relevant times the Managing Member of B_Space LLC. Peter Maiden is a shareholder of B_Space LLC.

24. Defendant Peter Maiden has the power to hire and fire employees, set wages and terms and conditions of employment and maintain employment records at B_Space, the retail store owned and/or operated by B_Space LLC. He is sued in his individual capacity as Plaintiff's employer.

25. Defendant Peter Maiden was Plaintiff's employer as that term is defined by the FLSA and New York Labor Law. 29 U.S.C. § 203(d); N.Y. Lab. Law § 651(6).

## STATEMENT OF FACTS

26. Defendants B_Space LLC and Maiden own, operate, and/or manage the retail store called "B_Space" in New York City at which Plaintiff worked.

27. At all times relevant to this action, Plaintiff was employed at B_Space, and was Defendants B_Space LLC and Maiden's employee within the meaning of the FLSA and New York Labor Law. 29 U.S.C. § 203(e); N.Y. Lab. Law § 2(5), 2(6), 190(2), 190(3), 651(5).

28. Plaintiff managed the day-to-day operations of B_Space while employed by the Defendants B_Space, LLC and Maiden.

29. On information and belief, Maiden diverted and commingled funds and corporate opportunities from the B_Space LLC to another entity that he solely controlled for his own benefit.

4

30. Plaintiff also entered into a loan agreement with B_Space Studio, LLC in which he loaned the company $25,000.00 with an interest rate of 10% to be paid back quarterly within 2 years.

31. Despite repeated demands by Plaintiff, Defendants have refused to pay back the entirety of the loan.

## OVERTIME PAY

32. Federal and New York Labor Law require that Defendants pay an overtime rate of one-and-a-half times the regular rate of pay for each hour of work over 40 hours a week. 29 U.S.C. § 207; N.Y. Lab. Law § 650 *et seq.*, 12 NYCRR 137-1.3.

33. Plaintiff regularly worked more than 40 hours per week, before or past his scheduled hours and was not paid for the extra time he worked.

34. Defendants did not pay Plaintiff overtime pay for his hours of work over 40 hours per week.

35. Plaintiff effectively was deprived of overtime pay as required under the FLSA and New York Labor Law.

36. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## SPREAD OF HOURS

37. New York State Department of Labor Regulation § 137-1.7 provides that, if an employee is at work for 10 hours per day, then the employer is required to pay the employee an extra hour of pay at the minimum wage. 12 NYCRR § 137-1.6. This spread of hours regulation is applicable even if there is a split shift. (A split shift is a "schedule of daily hours in which the working hours required or permitted are not consecutive." 12 NYCRR § 137-3.10.)

38. Plaintiff routinely worked more than ten hours per day, amounting to a spread of hours greater than ten hours per day.

39. Plaintiff worked days longer than ten hours per day, and Defendants never paid Plaintiff an extra hour's pay at minimum wage, in violation of New York state spread of hours regulations.

40. Plaintiff effectively was deprived of spread of hours pay as required under New York Labor Law.

41. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## FAILURE TO INFORM EMPLOYEES OF WAGE PROVISIONS, POST NOTICES AND KEEP RECORDS AS REQUIRED BY LAW

42. The Fair Labor Standards Act and New York Labor Law require employers to maintain in the workplace a display containing notices of employee rights to receive the minimum wage and overtime pay at a rate of one-and-one half times their regular rate. 29 C.F.R. § 516.4; 12 NYCRR § 137-2.3.

43. Upon information and belief, at all times relevant to this action, Defendants failed to provide, in a place accessible to employees and in a visually conspicuous manner, notice of an employee's rights to receive overtime pay as required under the Fair Labor Standards Act and New York Labor Law.

44. Defendants knowingly, intentionally and willfully committed the acts alleged herein.

## KNOWING AND INTENTIONAL FACTS

45. The Defendants knowingly, intentionally and willfully committed the acts alleged herein.

46. Defendants know that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure the Plaintiff.

47. Defendants never posted the required United States Department of Labor and New York State Department of Labor posters regarding minimum wage, overtime pay and tips. 29 U.S.C. § 203(m); 29 C.F.R. § 516.4; 12 NYCRR § 137-2.3; N.Y. Lab. Law § 198-d.

6

48. Upon information and belief, Defendants failed to keep full and accurate records of Plaintiff's hours and wages in order to avoid liability for their wage violations.

## CAUSES OF ACTION

### COUNT I

*Federal Overtime Violations (Against All Defendants)*

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

50. Defendants willfully and intentionally failed to pay overtime to Plaintiff for his hours over forty hours a week, in violation of 29 U.S.C. § 201 *et seq*.

51. Defendants have failed to make a good faith effort to comply with the Fair Labor Standards Act with respect to compensation of Plaintiff.

52. Due to Defendants' violations of FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime compensation, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. § 216(b).

### COUNT II

*New York State Overtime and Spread of Hours Violations (Against All Defendants)*

53. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

54. Defendants willfully and intentionally failed to compensate Plaintiff for overtime pay and spread of hours pay, in violation of N.Y. Lab. Law § 650 *et seq*. and related regulations and orders of the New York State Department of Labor.

55. Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of Plaintiff.

56. Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime and spread of hours compensation, and an amount equal to one quarter of their unpaid compensation in the form of

liquidated damages, as well as reasonable attorneys' fees and costs of the action, all in an amount to be determined at trial, pursuant to New York Labor Law. N.Y. Lab. Law § 663.

## COUNT III

### *Breach of Fiduciary Duty (Against Maiden)*

57. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

58. Maiden owes a fiduciary duty to the LLC as its Managing Member. Maiden also owes a fiduciary duty to Plaintiff.

59. Maiden breached his fiduciary duties by actions including: (i) competing with the LLC by operating 551 Hudson, LLC; (ii) engaging in self-dealing by funneling money to 551 Hudson, LLC; (iii) authorizing transactions which no person of ordinary sound business judgment believe that the company would benefit; and (iv) usurping corporate opportunities and converting them to his own benefit; (v) paying himself and his company Experience Hospitality excessive compensation.

60. Plaintiff and the LLC were damaged by these breaches of fiduciary duty in an amount to be determined at trial. Maiden should also provide an accounting for his breaches of fiduciary duty.

## COUNT IV

### *Fraud (Against Maiden)*

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

62. As the Managing Member of the LLC, Maiden owed fiduciary duties to the company.

63. Maiden also owed fiduciary duties to Plaintiff, a minority shareholder.

64. Maiden concealed his fraudulent intent from the LLC and Plaintiff.

65. Maiden concealed his fraudulent intent to defraud the LLC so he could loot it without having made any investment in the LLC.

66. The LLC reasonably relied on Maiden's promise because Maiden was appointed Managing Member based on the reasonable understanding that Maiden he would operate B_Space in a manner that would be beneficial to the LLC's investors.

67. The LLC suffered damage based on its reliance on Maiden's misrepresentation. Among other things, had Maiden's true intentions been clear, Plaintiff and the LLC would have removed Maiden as Managing Member before he looted the company.

## COUNT V

*Unjust Enrichment (Against All Defendants)*

68. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

69. Maiden was unjustly enriched by his excessive compensation, looting of the LLC, using corporate assets for his own benefit, and profiting from business and opportunities diverted to another entity that he controlled.

70. Maiden and the entity he controlled were unjustly enriched at B_Space LLC's expense.

71. Given the fiduciary duties owed by Maiden, equity and good conscience requires Maiden and the entity he controls to make restitution in an amount to be proven at trial.

## COUNT VI

*Accounting (Against Maiden)*

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

73. Maiden should be required to account for his neglect of his fiduciary duties owed to the LLC, his self-dealing, and waste of corporate assets.

74. As set forth above, Maiden repeatedly rejected Plaintiff's efforts to obtain accurate information about the B_Space LLC's corporate status. Despite repeated requests to inspect the corporate records Maiden never made available to Plaintiff critical records of the B_Space LLC.

## COUNT VII

*Constructive Trust (Against Maiden)*

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

76. By reason of Maiden's fraudulent conduct, bad faith breaches of fiduciary duties, and brazen looting of the B_Space LLC, Maiden should forfeit any share in the assets that he will be compelled to return to the LLC as a result of this lawsuit.

77. A monetary recovery by the LLC would be inadequate if Maiden were able to acquire any portion of the company's recovery based on his own wrongdoing. Maiden should not profit from his own wrongdoing.

78. The recovery by the LLC of the money that Maiden unlawfully possesses should be held in trust for the sole benefit of the Plaintiff and the LLC.

## COUNT VIII

*Breach of the Loan Agreement (Against B_Space LLC and Maiden)*

79. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs as if fully set forth herein.

80. Pursuant to the loan agreement, Plaintiff extended an initial loan to B_Space LLC in the amount of $25,000.00 with an interest rate of 10% to be paid back quarterly within 2 years.

81. Plaintiff fully performed his obligations under the loan agreement.

82. Defendant B_Space, LLC has breached the loan agreement by refusing to pay back the amounts owed.

83. As result of B_Space LLC's and Maiden's breach of its contractual obligations, Plaintiff has sustained damages in an amount to be proven at trial.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that a judgment be granted as follows:

a. Declaring Defendants conduct complained of herein to be in violation of Plaintiff's rights under the FLSA and New York Labor Law;

b. Awarding Plaintiff's unpaid overtime compensation due under the FLSA and New York Labor Law;

c. Awarding Plaintiff compensation for all spread of hours violations due under New York Labor Law;

d. Awarding Plaintiff judgment on behalf himself and on behalf of the B_Space LLC in the amount of an amount to be to proven at trial, plus punitive damages;

e. Requiring an accounting of Maiden's breach of fiduciary duty, waste, and self-dealing;

f. Requiring that Defendants payback Plaintiff's loan;

g. Awarding Plaintiff liquidated damages;

h. Awarding Plaintiff pre-judgment and post-judgment interest;

i. Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees; and

j. Awarding injunctive and such other relief as this Court deems is just and proper.

Dated: January 7, 2015

By: Jason D. Gabbard

Gabbard & Kamel PLLC
1271 Avenue of the Americas, Floor 16
New York, New York 10020
(t) 646-290-9001
(f) 917-503-9952

*ATTORNEYS FOR PLAINTIFF*

11